IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

AUG 1 8 2009

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

| | | |
|---|---|---|
| DECARLO LEONARD RICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-237-A |
| | § | |
| KAUFMAN AND BROAD HOME | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Came on for consideration the motion for summary judgment
filed by defendant in the above-captioned action as to all claims
filed against it by plaintiff, DeCarlo Rice. Plaintiff filed
nothing in response to the motion. Having considered the motion,
the summary judgment record, and pertinent legal authorities, the
court concludes that the motion should be granted.

I.

<u>Plaintiff's Claims</u>

Plaintiff's complaint, filed April 8, 2008, arises out of
the termination of his employment with defendant. Plaintiff
brings claims of race discrimination and retaliation in violation
of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,

et seq., and 42 U.S.C. § 1981, as well as a claim of intentional infliction of emotional distress.

II.

### The Motion for Summary Judgment

Defendant maintains that plaintiff's claims are barred by limitations because he failed to file the instant action within ninety days of receipt of a right to sue notice from the EEOC. Even if plaintiff's suit was timely filed, defendant claims summary judgment is still proper because: he cannot show that defendant's legitimate, non-discriminatory reason for his termination was a pretext for unlawful discrimination; he cannot establish a prima facie case of retaliation; and his intentional infliction of emotional distress claim is barred by the availability of a statutory remedy, and the underlying allegations are in the nature of an ordinary employment dispute.

III.

### Undisputed Facts

The following facts are undisputed in the summary judgment record:

Plaintiff began his employment with defendant, a home builder, on or about May 10, 2004. At all relevant times plaintiff, an at-will employee, held the position of customer

2

service representative. Plaintiff's responsibilities included managing certain of defendant's subdivisions in the Dallas-Fort Worth area and addressing claims by defendant's customers raised in connection with their homeowner's warranties.

Defendant and its customer service representatives are obligated to follow the terms and guidelines of a Consent Order entered into between defendant and the Federal Trade Commission ("FTC"). Upon commencement of his employment with defendant, plaintiff signed a document entitled "Acknowledgment of Federal Trade Commission Consent Order," wherein he acknowledged that he had read, and understood his responsibility to comply with, the Consent Order.

Despite this acknowledgment, plaintiff on September 26, 2005, received a written reprimand for working on a homeowner's warranty claim without the claim being properly opened on defendant's claim-tracking system, in violation of the Consent Order. On or about December 1, 2005, defendant terminated plaintiff's employment for another instance of working on a homeowner's warranty claim without an open claim in defendant's claim-tracking system, again in violation of the Consent Order.

Plaintiff subsequently filed a charge of discrimination with the EEOC. Plaintiff was familiar with the EEOC process, having

3

previously filed an EEOC charge against a former employer, received a right-to-sue notice, and filed a discrimination lawsuit against that employer. During the EEOC investigation leading to the filing of this action, plaintiff maintained regular contact with the EEOC agent handling his charge. After completing its investigation in late October 2007, the EEOC agent in charge of plaintiff's claim told him in a telephone conversation that the agency was dismissing his charge and issuing him a right-to-sue notice, which the EEOC issued and mailed on October 26, 2007. Plaintiff filed this action 165 days after the mailing date on the right-to-sue notice.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a

4

complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

## Analysis

A.   Timeliness of the Complaint

Defendant contends that plaintiff did not timely file this action. Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file his complaint "within ninety days after the giving of such notice [of right to sue by the EEOC]." The requirement to file suit within the ninety-day limitation period is "strictly construed." Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). Courts have "repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." Id.

Here, the EEOC issued the right-to-sue notice on October 26, 2007. Courts have presumed receipt of such notice between three and seven days after its issuance. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984)(presuming receipt three days after date of mailing); Taylor, 296 F.3d at 379-80 (presuming receipt up to seven days after date of mailing). Therefore, a presumption arises that plaintiff received his right-to-sue notice no later than November 2, 2007. In his deposition testimony plaintiff vacillated from being "almost certain" he received the right-to-sue notice a "couple of months

6

after or a month and a half" after the October 26 issue date,
Def.'s App. at 12-13, to denying he received it at all. Plaintiff
admits that the address on the right-to-sue notice was his
address at the time the EEOC issued the notice, and the EEOC log
contains no record of the right-to-sue notice being returned as
undeliverable.

Plaintiff's shifting testimony does not rebut the
presumption that by November 2, 2007, the letter was received at
the address to which the EEOC sent it. Constructive receipt by
plaintiff at the address he supplied to the EEOC is sufficient to
start the time running. Espinoza v. Mo. Pac. R.R. Co., 754 F.2d
1247, 1249-50 (5th Cir. 1985). Regardless of his actual or
constructive receipt of the right-to-sue notice, plaintiff's
actual knowledge, through his conversations with the EEOC
investigator in charge of his claim, that the EEOC was dismissing
his charge and issuing the right-to-sue notice was sufficient to
begin the limitations period. Cook v. Providence Hosp., 820 F.2d
176, 179 (6th Cir. 1987). Plaintiff makes no argument that
equitable tolling should apply, nor does he point to any evidence
in the summary judgment record that would support such tolling.
Because the complaint was not filed until 165 days after the
giving of the right-to-sue notice, plaintiff's Title VII

7

discrimination and retaliation claims are time-barred. <u>Espinoza</u>,

754 F.2d at 1250-51.[1]

B.    <u>Race Discrimination</u>[2]

     Assuming plaintiff had timely filed his complaint in this

action, the summary judgment evidence establishes that he cannot

prevail on the merits. The court need not discuss whether

plaintiff could make out a <u>prima facie</u> case of discrimination, as

he cannot prevail if he cannot overcome defendant's legitimate,

non-discriminatory reasons for the adverse employment action.

<u>Rios v. Rossotti</u>, 252 F.3d 375, 380 (5th Cir. 2001). To do so,

plaintiff must show that defendant's proffered reasons were not

the true reasons for its employment decision, but that the real

reason was unlawful discrimination. <u>St. Mary's Honor Ctr. v.</u>

<u>Hicks</u>, 509 U.S. 502, 508 (1993).

     Here, the summary judgment evidence establishes that

defendant terminated plaintiff's employment for performance

reasons, specifically, his violation of the Consent Order--a

-----

[1]Though not dispositive, plaintiff has demonstrated familiarity with the EEOC charge-and-litigation process, as he  previously filed a charge of discrimination against a former employer, received a right-to-sue notice, and timely filed suit against that employer.

[2]Plaintiff's discrimination claims arise under Title VII and § 1981. Because there is no functional difference in the way a court should view discrimination claims under Title VII and § 1981, claims under these statutes are considered under the same "rubric of analysis." <u>Byers v. Dallas Morning News</u>, 209 F.3d 419, 422 n.1 (5th Cir. 2000).

8

violation for which he admittedly received a previous written reprimand. Poor work performance and violation of the employer's policies are legitimate, non-discriminatory reasons for an employee's termination. Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002); Mayberry v. Vought Aircraft Co., 55 F.3d 1086 (5th Cir. 1995). As plaintiff has adduced nothing to dispute or rebut defendant's legitimate, non-discriminatory reasons, summary judgment is appropriate on his claim of race discrimination.

C.    Retaliation

Defendant argues that plaintiff cannot establish two elements of a prima facie case of retaliation: that he engaged in protected activity, and that a causal connection exists between the protected activity and the adverse employment action suffered by plaintiff. McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007). As to the first element, plaintiff must show that he either opposed an unlawful employment practice or participated in an investigation, proceeding, or hearing inquiring into alleged unlawful practices. 42 U.S.C. § 2000e-3(a); Baker v. American Airlines, Inc., 430 F.3d 750, 755 (5th Cir. 2005). Plaintiff's failure to identify any protected activity is fatal to his retaliation claim. Plaintiff admitted

9

that he voiced no opposition to defendant regarding the alleged unlawful employment practices; rather, the only individuals with whom he discussed defendant's perceived discriminatory and retaliatory treatment were two "older gentlemen" plaintiff viewed as "father figures," Def.'s App. at 37, but who were not employees of defendant or otherwise in a position to investigate or act on plaintiff's complaints. Likewise, plaintiff's only participation in any investigation, proceeding, or hearing occurred after his termination with the filing of his EEOC charge of discrimination. As the court finds dispositive plaintiff's failure to engage in any protected activity, it need not address the remaining elements of his prima facie case of retaliation.

D.   Intentional Infliction of Emotional Distress

Under Texas law, a plaintiff cannot maintain a claim of intentional infliction of emotional distress against a defendant based on conduct giving rise to a separate common law or statutory claim, such as a claim for workplace discrimination or retaliation. Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 815-817 (Tex. 2005); Hoffmann-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 441 (Tex. 2004). Thus, "if the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional

10

infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." Hoffman-La Roche, 144 S.W.3d at 448. The plaintiff "must proceed solely under a statutory claim unless there are additional facts, unrelated to [the discrimination], to support an independent tort claim for intentional infliction of emotional distress." Id. at 441. In the instant action, aside from his termination, plaintiff's claim of intentional infliction of emotional distress are grounded on a few second- and third-hand remarks, work-related criticisms plaintiff believes were unfair, an alleged transfer of work assignments, one alleged oral promise of promotion, and one allegedly unfulfilled promise of mileage reimbursement. To the extent these allegations also form the basis of plaintiff's discrimination and retaliation claims, he is precluded from asserting them as a claim for intentional infliction of emotional distress. See id. Plaintiff in any event cannot recover on any of these alleged acts, as they are all in the nature of an "ordinary employment dispute" upon which a claim of intentional infliction of emotional distress cannot lie. Ramirez v. Allright Parking El Paso, Inc., 970 F.2d 1372, 1376 (5th Cir. 1992).

VI.

Order

For the reasons discussed above, the court concludes that defendant's motion for summary judgment should be granted.

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, DeCarlo Rice, in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED August 18, 2009.

JOHN MCBRYDE
United States District Judge

12